## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**JIANGUO HAN,**

      **Petitioner,**

**v.**                                           **Case No. 5:21-cv-00405**

**WARDEN, FCI Beckley,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending is Petitioner Jianguo Han's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's request for dismissal as articulated in the Response to Order to Show Cause. (ECF No. 6).

Having thoroughly reviewed the record, the undersigned **FINDS** that Petitioner has received the relief that he seeks in his petition; therefore, this habeas proceeding is moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the request for dismissal; **DISMISS** the Petition for a Writ of Habeas Corpus, as moot; and remove this matter from the docket of the Court.

### I.    Relevant Facts

On July 19, 2021, Petitioner filed the instant habeas petition seeking early release

to a halfway house or to home confinement. (ECF No. 1). Petitioner argued that he was entitled to early release due to his status as an elderly offender. He also requested early release under the compassionate release provisions of 18 U.S.C. § 3582, the CARES Act, and the First Step Act. (*Id.*).

On July 27, 2021, after Petitioner had paid the filing fee, the undersigned entered an Order directing Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 5). Respondent filed a response to the Show Cause Order on September 20, 2021. (ECF No. 6). Respondent advised the Court that Petitioner's request for early release had been considered and granted. The Federal Bureau of Prisons had scheduled Petitioner to transition to home confinement on November 18, 2021. Respondent requested that the habeas petition be dismissed, because the claim was now moot.

Petitioner was given an opportunity to reply to Respondent's request for dismissal, (ECF No. 7), but Petitioner did not do so. According to the Federal Bureau of Prisons inmate locator site, Petitioner has been released from incarceration and is now being supervised by the Residential Reentry Management field office in Phoenix, Arizona. *See* www.bop.gov/inmateloc/.

## II.    <u>Standard of Review</u>

Although Respondent does not state under which rule he brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon

which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-

CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

## III.    <u>Discussion</u>

As a prerequisite to addressing the merits of the habeas petition, this Court must have subject matter jurisdiction over the dispute pursuant to Article III of the United States Constitution. Even when no party has raised the issue of subject matter jurisdiction, the Court must consider it. Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not deprive the court of jurisdiction, "[t]he question of mootness is separate and distinct"

from the "in custody" requirement. *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy.

Petitioner requested early release to a halfway house or to home confinement. Respondent indicated that Petitioner was scheduled to transition to home confinement in November 2021. According to the Federal Bureau of Prisons inmate locator, Petitioner has been released from incarceration and is now under the supervision of a residential reentry management field office. Therefore, the record indicates that Petitioner has received the relief he requested in his petition for a writ of habeas corpus, rendering his petition moot and subject to dismissal.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot when a petitioner is released from custody where the petition challenges collateral consequences, which continue after expiration of the sentence and are sufficient to create "a substantial stake" in the outcome of the habeas petition that "survives the satisfaction of the sentence." *Id.* Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). However, neither exception applies in this case.

Petitioner has not raised the issue of collateral consequences in his petition. Indeed, given that Petitioner asked only for early release, and he received same, he has no factual basis upon which to support a claim that the collateral consequences exception applies. Furthermore, as Petitioner is not likely to face the same set of circumstances in the future, he is unable to demonstrate the "capable of repetition" exception. *Leonard,* 804 F.2d at 842.

Therefore, the undersigned **FINDS** that (1) Petitioner's receipt of the relief he requested renders his petition for a writ of habeas corpus moot and (2) no exception to the mootness doctrine applies in this case.

## IV.   **Proposal and Recommendations**

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's request for dismissal, (ECF No. 6), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**, as moot; and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

6

for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** January 6, 2022

Cheryl A. Eifert
United States Magistrate Judge

7