UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JIANGUO HAN,

    Petitioner,

v.                                        CIVIL ACTION NO. 5:21-cv-00405

Warden, FCI Beckley,

    Respondent.

**ORDER**

Pending is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed July 19, 2021. [Doc. 1]. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert issued an Order to show cause on July 27, 2021. [Doc. 5]. The Government responded on September 20, 2021, asserting the issue raised in the Petition was moot because the relief sought -- transition to home confinement -- was considered and granted by the Bureau of Prisons. Mr. Han was scheduled to begin home confinement on November 18, 2021. The Government requests dismissal of the matter on this basis. [Doc. 6 at 1 – 3]. Magistrate Judge Eifert filed her PF&R on January 6, 2022. Magistrate Judge Eifert recommended that the Court grant the request for dismissal, dismiss the Petition for Writ of Habeas Corpus as moot, and remove the matter from the Court's docket. [Doc. 8].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on January 24, 2022. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R **[Doc. 8]**, **GRANTS** the request for dismissal, **DISMISSES** the Petition for Writ of Habeas Corpus as moot **[Doc. 2]**, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: March 15, 2022

Frank W. Volk
United States District Judge